**Johan TIOANDA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–74055.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 16, 2010.*

Filed Nov. 23, 2010.

Romy Patterson, Law Office of Romy Patterson, Anchorage, AK, for Petitioner.

Jennifer Paisner Williams, Anthony Cardozo Payne, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Johan Tioanda, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Tioanda failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Tioanda's contention that the agency violated due process by failing to adequately consider his evidence of hardship does not amount to a colorable constitutional claim. *See id.* ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We lack jurisdiction to consider Tioanda's contention that the IJ prejudged his cancellation application because he failed to exhaust it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

